UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                                    §
                                          §
AUSTIN, CHRISTOPHER DANIEL                §      Case No. 12-05532 ERW
                                          §
            Debtor(s)                     §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on                   .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of               $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]          $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $\_\_\_\_\_ as interim compensation and now requests a sum of $\_\_\_\_\_, for a total compensation of $\_\_\_\_\_[2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $\_\_\_\_\_, and now requests reimbursement for expenses of $\_\_\_\_\_, for total expenses of $\_\_\_\_\_[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Joseph A. Baldi_____
                                                   Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1
Exhibit A

| Case No: | 12-05532 | Judge: Eugene R. Wedoff | Trustee Name: | Joseph A. Baldi |
|---|---|---|---|---|
| Case Name: | AUSTIN, CHRISTOPHER DANIEL | | Date Filed (f) or Converted (c): | 02/15/12 (f) |
| | | | 341(a) Meeting Date: | 03/19/12 |
| For Period Ending: | 09/24/14 | | Claims Bar Date: | 08/06/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Tax Refunds (u) | 0.00 | 6,000.00 | | 1,399.80 | FA |
| 2011 Tax Return in amount of $6,000 received by Debtor post-petition; Trustee made demand for turnover; Trustee expended multiple efforts to collect the balance; remaining balance deemed uncollectible and additional collections would be insufficient to satisfy Estate's adminsitative claims; balance to be abandoned at closing | | | | | |
| 2. 7648 S Parnell Chicago, IL 60620 | 118,000.00 | 0.00 | | 0.00 | FA |
| Debtor's residence | | | | | |
| 3. Checking Account with Citi | 1,800.00 | 0.00 | | 0.00 | FA |
| 4. HOUSEHOLD GOODS | 1,500.00 | 0.00 | | 0.00 | FA |
| 5. Books, Compact disks | 35.00 | 0.00 | | 0.00 | FA |
| 6. Wearing Apparel | 150.00 | 0.00 | | 0.00 | FA |
| 7. Watch | 45.00 | 0.00 | | 0.00 | FA |
| 8. 2007 Cadillac SRX with over 70,000 miles | 16,400.00 | 0.00 | | 0.00 | FA |
| Stay lifted per order dated 7/23/13 | | | | | |

| | | | | | Gross Value of Remaining Assets |
| TOTALS (Excluding Unknown Values) | $137,930.00 | $6,000.00 | | $1,399.80 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee made numerous demands upon Debtor for turnover of an unscheduled tax refund that was received by Debtor post-petition; Debtor failed to turnover the funds; Trustee filed motion to dismiss case; motion to dismiss was denied without prejudice pending the filing of a 727 adversary; Trustee filed adversary complaint objecting to the Debtor's discharge; discharged denied 6/13; Debtor subsequently filed Chapter 13; Trustee worked with Ch. 13 Trustee to dismiss

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| | |
|---|---|
| Case No: 12-05532   Judge: Eugene R. Wedoff | Trustee Name: Joseph A. Baldi |
| Case Name: AUSTIN, CHRISTOPHER DANIEL | Date Filed (f) or Converted (c): 02/15/12 (f) |
| | 341(a) Meeting Date: 03/19/12 |
| | Claims Bar Date: 08/06/12 |

and recover Ch. 13 funds; uncollected balance for non-scheduled tax refund is approximately $4,600.00; administrative expenses exceed balance of unscheduled tax refund, Any additional efforts to collect balance of tax refund would go to pay administrative claims; since Debtor's discharge has been revoked, creditors can pursue collection of their accounts. In lieu of pursuing additional collection efforts, Trustee prepared TFR which requests to pay Clerk for filing fee and split balance of Estate funds between Trustee and Trustee's attorneys

Initial Projected Date of Final Report (TFR): 12/31/14   Current Projected Date of Final Report (TFR): 12/31/14

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1

Exhibit B

| Case No: | 12-05532 -ERW | | Trustee Name: | Joseph A. Baldi |
|---|---|---|---|---|
| Case Name: | AUSTIN, CHRISTOPHER DANIEL | | Bank Name: | Associated Bank |
| | | | Account Number / CD #: | *******6917 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******6430 | | | |
| For Period Ending: | 09/24/14 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 02/21/14 | 1 | OFFICE OF THE CHAPTER 13 TRUSTEE MARILYN O. MARSHALL 224 S MICHIGAN AVENUE, STE 800 CHICAGO IL 60604-2500 | FUNDS RECEIVED FROM CH 13 TRUSTEE | 1224-000 | 1,399.80 | | 1,399.80 |
| 04/07/14 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 10.00 | 1,389.80 |
| 05/07/14 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 10.00 | 1,379.80 |
| 06/06/14 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 10.00 | 1,369.80 |
| 07/08/14 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 10.00 | 1,359.80 |

```
                              COLUMN TOTALS                    1,399.80        40.00         1,359.80
                       Less:  Bank Transfers/CD's                  0.00         0.00
                              Subtotal                         1,399.80        40.00
                       Less:  Payments to Debtors                               0.00
                              Net                              1,399.80        40.00
                                                                                NET           ACCOUNT
                              TOTAL - ALL ACCOUNTS           NET DEPOSITS    DISBURSEMENTS    BALANCE
                  Checking Account (Non-Interest Earn - ********6917)  1,399.80   40.00      1,359.80
                                                              -----------------  -----------------  -----------------
                                                               1,399.80        40.00         1,359.80
                                                              =============  =============  =============
                                                            (Excludes Account  (Excludes Payments  Total Funds
                                                              Transfers)       To Debtors)        On Hand
```

Page Subtotals       1,399.80       40.00

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: October 14, 2014 |

Case Number: 12-05532  
Debtor Name: AUSTIN, CHRISTOPHER DANIEL  

Claim Class, Priority Sequence (No Pay Hold)

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>2700-00 | Clerk of Bankruptcy Court | Administrative | Deferred Filing Fee 13 A 593 | $293.00 | $0.00 | $293.00 |
| 002<br>2100-00 | Joseph A. Baldi, Trustee | Administrative | | $349.95 | $0.00 | $349.95 |
| 002<br>3110-00 | Baldi Berg, Ltd. | Administrative | | $6,975.00 | $0.00 | $6,975.00 |
| | Subtotal for Class Administrative | | | $7,617.95 | $0.00 | $7,617.95 |
| 000001<br>070<br>7100-00 | Atlas Acquisitions LLC (HSBC - Best Buy)<br>294 Union St.<br>Hackensack, NJ 07601 | Unsecured | | $1,110.94 | $0.00 | $1,110.94 |
| 000002<br>070<br>7100-00 | BMW Financial Services NA, LLC<br>P.O. Box 201347<br>Arlington, TX 76006 | Unsecured | | $14,289.44 | $0.00 | $14,289.44 |
| 000003<br>070<br>7100-00 | Asset Acceptance LLC<br>assignee CITIFINANCIAL/WICKES FURNITURE<br>PO Box 2036<br>Warren, MI 48090 | Unsecured | | $3,771.70 | $0.00 | $3,771.70 |
| | Subtotal for Class Unsecured | | | $19,172.08 | $0.00 | $19,172.08 |
| | Case Totals: | | | $26,790.03 | $0.00 | $26,790.03 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-05532 ERW
Case Name: AUSTIN, CHRISTOPHER DANIEL
Trustee Name: Joseph A. Baldi

  Balance on hand    $

 Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph A. Baldi | $ | $ | $ |
| Attorney for Trustee Fees: Baldi Berg, Ltd. | $ | $ | $ |
| Charges: Clerk of Bankruptcy Court | $ | $ | $ |

 Total to be paid for chapter 7 administrative expenses   $_____

 Remaining Balance   $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

 In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

 Allowed priority claims are:

NONE

UST Form 101-7-TFR (5/1/2011) *(Page: 7)*

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Atlas Acquisitions LLC (HSBC - Best Buy) | $ | $ | $ |
| 000002 | BMW Financial Services NA, LLC | $ | $ | $ |
| 000003 | Asset Acceptance LLC | $ | $ | $ |

Total to be paid to timely general unsecured creditors          $_____

Remaining Balance                                               $_____


Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE


Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE